## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **THOMAS TAYLOR** | ) | |
| **502 Cass Street** | ) | |
| **Maumee, Ohio 43537** | ) | **CASE NO.:** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JUDGE** |
| **vs.** | ) | |
| | ) | |
| **KENTWOOD LAW GROUP** | ) | **CIVIL COMPLAINT** |
| **5050 Palo Verde Street** | ) | |
| **Suite 113** | ) | |
| **Montclair, California 91763** | ) | |
| | ) | **A Trial by the Maximum Number** |
| **And** | ) | **of Jurors is hereby demanded.** |
| | ) | |
| **John and Jane Does 1-10** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

Plaintiff, Thomas Taylor ("Taylor" or "Plaintiff") hereby files this Complaint against Defendant Kentwood Law Group ("Kentwood") and John and Jane Does 1-10 (collectively "Defendants") and states as follows:

## I.  INTRODUCTORY STATEMENT

1.     Plaintiff is an adult natural person and he brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and Ohio Consumer Sales Practices Act, O.R.C. § 1345.01 *et seq.* ("OCSPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices

## VENUE AND JURISDICITON

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by Kentwood and its agents in their illegal efforts to collect a consumer debt.

3. Jurisdiction is proper in the Court pursuant to 15 U.S.C. § 1692k(d).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here, and that Plaintiff resides in this venue.

## PARTIES

5. Plaintiff is an adult individual whose residence is in, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. Kentwood is a Ohio business entity with an address of located at 5050 Palo Verde Street, Suite 113, Montclair, California 91763 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7. Defendants John and Jane Does 1 - 10 are the individual collectors for the Defendant, but whose names are unknown.  The Complaint will be amended to add their names when they are determined through discovery.

## IV.  FACTUAL ALLEGATIONS

7. On or around the week of May 1st, 2012, Plaintiff began receiving calls from Defendants collecting on a Wells Fargo credit card account from 2008.

8. Plaintiff was alleged to owe approximately $4,110.

9.      At that time, Plaintiff tried to explain to Defendants that right now he could not afford to make any payments to them on that account.

10.      Defendants continued to call the Plaintiff at least two to three times per day telling the Plaintiff to "check his budget."

11.      Plaintiff responded that he had and he could not afford to make any payments to them at this time.

12.      Defendants stated to Plaintiff that they would only accept a "$1,300 lump sum payment and the $400 monthly payments for the next six months" and that he had "24 hours to get back to them with an answer and a payment."

13.      Plaintiff explained to Defendants if anything, he could only afford approximately $150-200 monthly payments with no lump sum payment because if he paid the lump sum payment of $1,300 as they demanded, he would be unable to pay his mortgage for the month.

14.      Defendants then stated again that they "would only accept the $1,300 lump sum payment followed by the six monthly payments of $400" and that once again, the Plaintiff had "24 hours to get back to them with a response and the lump sum payment."

15.      Plaintiff stated for the third time that he could not afford the lump sum payment they were demanding and that all he could afford at that time was the $150-200 monthly payments.

16.      Defendants responded in a rude and demanding manner saying that the Plaintiff had "no more than 24 hours to have a decision and the lump sum payment before other processes would take place."

17.     Despite the threats and the perception of urgency, Defendants has not moved forward with any additional processes except for continuing to call and harass Plaintiff.

18.     Due to Defendants' threats, Plaintiff is continually fearful that Defendants will attempt to access his bank account to withdraw funds that Plaintiff has not allowed.

19.     Defendants acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

20.     Defendants knew or should have known that their actions violated the FDCPA.  Additionally, Kentwood could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

21.     At all times pertinent hereto, Kentwood was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

22.     At all times pertinent hereto, the conduct of Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent, and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

23.     As a result of Defendants' conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

<u>COUNT I</u>
**(Violations of the Fair Debt Collections Practices Act)**
**(15 .S.C. § 1692, *et seq.*)**

24.     Plaintiff incorporates by reference all of the above Paragraphs of this Complaint as though fully stated herein.

25.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

26.     Defendants caused the phone to ring or engaged any person in telephone conversations repeatedly in violation of 15 U.S.C. § 1692d(5).

27.     Defendants used false, deceptive, or misleading representation or means in connection with the debt collection in violation of 15 U.S.C. § 1692e.

28.     Defendants used false representation or deceptive means to collect a debt or obtain information about a consumer in violation of 15 U.S.C. § 1692e(10).

29.     Defendants used unfair or unconscionable means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

30.     Defendants failed to send Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

31.     Defendant failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

32.     Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

33.     Defendants failed to send Plaintiff a validation notice informing Plaintiff of a right to have verification and judgment mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

34.     Defendants failed to send Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

35.     Defendants settlement demand "overshadowed" Plaintiff's rights in violation of 15 U.S.C. § 1692g(a)(5).

### COUNT II
**(Violation of the Ohio Consumer Sales Practices Act ("OCSPA"))**
**(O.R.C. § 1345.01, *et seq*.)**

27.     Plaintiff incorporates by reference all of the above Paragraphs as if fully restated herein.

28.     Plaintiff if a "Consumer" as defined by O.R.C. § 1345.01 (D).

29.     Kentwood is a "supplier" as defined by O.R.C. § 1345.01 (C).

30.     At all relevant times Kentwood was engaged in a "consumer transactions" as "suppliers" as defined in O.R.C. § 1345.01 (A).

31.     O.R.C. § 1345.02 prohibits "suppliers" from using unfair or deceptive practices.

32.     O.R.C. § 1345.03 prohibits "suppliers" from using unconscionable consumer sales acts or practices.

33.     Numerous Ohio Courts have held that a violation of the FDCPA is also a violation of the OCSPA.

34.     Defendant's debt collection actions as more fully described in the preceding paragraphs violate the OCSPA.

35.     Defendant's acts and omissions, when a duty to act was owed, constitute numerous and multiple violations of the OCSPA, including every one of the above-cited provisions and as such Plaintiff is entitled to damages.


**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, for the following:

a.     Actual damages;

b.     Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

c.     Three times the amount of Plaintiff's actual damages or two hundred dollars, whichever is greater, pursuant to O.R.C. § 1345.09(B);

d.     Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e.     Such additional and further relief as may be appropriate or that the interests of justice require.


Dated: August 1, 2012

## V.  <u>JURY DEMAND</u>

Plaintiff Thomas Taylor hereby demands a jury trial as to all issues herein by the maximum number of jurors as allowed by law.

Respectfully submitted,

BY:    _/s/ Brian T. McElroy_

Brian T. McElroy
McElroy Law, LLC
1991 Crocker Road
Suite 600, Gemini I
Westlake, OH 44145
Phone: 440-249-0659
Fax:    440-892-3336
Email: btm@McElroyLawllc.com

Attorney for Plaintiff Thomas Taylor